UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HOSEA HARALSON** ) | **CASE NO. 1:04CV637** |
| ) | |
| **Plaintiff**, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | |
| **MID-OHIO SECURITIES, et al.**, ) | **OPINION AND ORDER** |
| ) | |
| **Defendants**. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff Hosea Haralson's Motion for Summary Judgment on the Mid-Ohio Defendants' Counterclaim for indemnification. For the following reasons, Plaintiff's motion is denied.

**I. FACTUAL BACKGROUND**

In 1997, Haralson attended a seminar on real estate investment opportunities, where he met Defendant, George E. Roberts, President of North Canton Funding Company. Mr. Roberts encouraged Haralson to invest with him; but advised that in order to do so, Haralson would need to open an IRA account with Mid-Ohio Securities. On February 9, 1999, Haralson opened his self-

directed IRA with Mid-Ohio by signing a two-page Application. The IRA agreement provided that Mid-Ohio would act as a passive custodian of the account and that investments would be made at Haralson's "sole discretion." In paragraph 11.1 of the agreement, Haralson agreed to hold harmless, indemnify and defend Mid-Ohio against claims arising by reason of any action taken by Mid-Ohio in "good faith." At the opening paragraphs of the Direction of Investment forms signed by Haralson in August of 1999, March of 2000 and May of 2000, the indemnification provision recited that Mid-Ohio was absolved "from any and all liability or responsibility for any loss resulting to the IRA, the undersigned or to any beneficiary in connection with or by reason of any sale or investment made or other action taken (or omitted to be taken) pursuant to and/or in connection with the above Direction."

Haralson moves for summary judgment in his favor on the Counterclaim arguing that the indemnification provisions do not cover the conduct committed by the Mid-Ohio Defendants as alleged in his Complaint and that the provisions are unconscionable.

## II. LAW AND ANALYSIS

### STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)). A fact is not material unless it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the court

must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F. 3d 900, 907 (6th Cir. 2001). When no reasonable jury could return a verdict for the non-moving party, no genuine issue exists for trial. *Id.*

Although indemnification or "hold-harmless" clauses are not favored, they are not *per se* against public policy. Courts will review them with caution and will construe them against the drafter if they are vague or ambiguous. *Glaspell v. Ohio Edison Co.* (1987), 29 Ohio St. 3d 44, 46-47. If indemnification provisions are clear, they will be enforced unless one party has been misled, or a "severe imbalance in bargaining power exists", or particular contract terms are "outrageous." *Orlett v. Suburban Propane* (1989), 54 Ohio App. 3d 127, 129. The principle of freedom of contract dictates that courts will not intervene where parties have meaningful choice, understanding and ability to negotiate. *Eva v. Midwest National Mortgage Banc, Inc*. 143 F. Supp. 2d 862, 895, (N.D. Ohio 2001), citing *Orlett, supra*. As District Judge Nugent noted: "the doctrine of unconscionability is an exception applicable only when the court is persuaded that the contract is so one-sided as to be unlawful." *Eva* at 895.

The clauses relied upon by the Mid-Ohio Defendants in their Counterclaim operate to absolve them in the case of negligence, and are, therefore, not blatantly repugnant under Ohio law. There is no assertion by Haralson that the language is vague or ambiguous. The evidence demonstrates that Haralson chose Mid-Ohio as the custodian of his IRA account after attending real estate investment seminars – Mid-Ohio did not solicit him. In 1999, Haralson opened his self-

directed IRA account; and immediately, directed a transfer of funds to George Roberts' company, North Canton Funding. Haralson realized a profit on his investment, and voiced no complaints about the terms of his account agreement nor about the operation of the "hold-harmless" clauses. Only after his alleged losses on two subsequent self-directed investments, did Haralson claim that his contract with Mid-Ohio should be nullified or that he was unsophisticated about such transactions. Haralson's Complaint makes allegations of fraud, misrepresentation, and civil conspiracy. Whether the acts or omissions of Mid-Ohio, ultimately proven, constitute intentional, fraudulent conduct – which would either fall outside of the parameters of the indemnification clauses or would void the exculpatory provisions – is a determination for the fact-finder.

### III. CONCLUSION

For the reasons outlined above, and based upon the applicable law and the arguments and evidence submitted, the Motion for Summary Judgment (ECF DKT #101) filed by Plaintiff Hosea Haralson on the Defendants' Counterclaim is denied.

**IT IS SO ORDERED**.

**DATE: __10/14/05_____**

                                               s/ Christopher A. Boyko
                                               **CHRISTOPHER A. BOYKO**
                                               **United States District Judge**
                                               **(Signed original on file)**