UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HOSEA HARALSON,** | ) | CASE NO. 1:04CV637 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **MID-OHIO SECURITIES, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #127) of Plaintiff, Hosea Haralson, to Compel Deposition of Defendant Desich; the Motion (ECF DKT #130) of Plaintiff, Hosea Haralson, to Compel Answers to Interrogatories; and the Motion (ECF DKT #145) of Plaintiff, Hosea Haralson, to Continue Summary Judgment Proceedings Under Fed. Civ. R. 56(f).  For the reasons that follow, the Motions to Compel are overruled and the Rule 56(f) Motion to Continue is granted in part only.

**I. BACKGROUND**

On April 2, 2004, Plaintiff filed this Complaint, claiming that he lost Eighty-Five Thousand Dollars ($85,000) by making residential real estate investments.  These investments

were made through Defendant North Canton Funding Company ("North Canton") in March and May of 2000. Plaintiff sued North Canton, its president, George Roberts, an employee of North Canton, a "rehabber", the homeowners and loan co-signers of the residential properties. Relevant to the Motions to Compel at issue, Plaintiff also sued the custodian of his self-directed individual retirement account ("IRA"), Mid-Ohio Securities Corp.; Equity Trust Company (which acquired Mid-Ohio's IRA business); 225 Burns LLC (which owns one of the buildings Mid-Ohio uses); and Richard Desich ("Desich"), Mid-Ohio's founder.

Discovery against the Mid-Ohio Defendants was stayed by the District Judge previously assigned to this case, pending ruling on their dispositive motion. In October of 2005, this Court ruled on the pending dispositive motions and ordered the discovery stay lifted. Non-expert discovery was ordered completed by December 14, 2005. Upon the joint request of Plaintiff and the Mid-Ohio Defendants, this Court agreed to a further extension of discovery until January 28, 2006.

**Deposition of Richard Desich**

After the stay was lifted, Plaintiff requested dates to conduct the deposition of Desich, the president of Mid-Ohio Securities. Desich, a resident of Florida, objected to being deposed in Ohio. Following many discussions between counsel, Desich agreed to appear in Cleveland for his deposition on January 31, 2006. Plaintiff's counsel was advised, however, that Desich was in Ohio on other business and would only be available for two and one-half hours. Rather than proceed with the deposition while Desich was available, Plaintiff's counsel cancelled the deposition. Plaintiff asks the Court to order Desich to make himself available in Cleveland, Ohio, for the time allowed under Fed. R. Civ. P. 30, and to pay Haralson's

expenses and attorney fees for bringing the motion.

**Discovery Requests to Mid-Ohio Defendants**

Plaintiff asks the Court to order Mid-Ohio to produce redacted account statements of clients who gave their retirement money to North Canton between 1999 and 2003, including the date, the amount of funds, the manner of transfer, and the specific investment made; and the names, positions, dates of hire and termination from 1999 to 2003 of those employees at Mid-Ohio who handled, directly or indirectly, customer inquiries and customer IRA's. From Defendant Equity Trust, Plaintiff seeks a redacted copy of the agreement for the purchase of Mid-Ohio's IRA business. Defendants have objected on the grounds that the requests are burdensome, violative of third-party privacy rights and irrelevant.

## II. ANALYSIS

The Mid-Ohio Defendants properly point out that Local Rule 37.1 requires counsel for the party seeking the disputed discovery to **certify** to the Court that sincere good faith efforts were made to resolve the dispute **before** it is brought before the Judicial Officer in a motion to compel. This Court prefers that the certification be made in writing, after which the Court will determine whether to proceed with a telephone conference or with motion practice. Further, Plaintiff acknowledges in his Reply Brief (ECF DKT #134) at page 3 : "Counsel for Mr. Haralson also confirmed with the Court that it required memoranda prior to filing his motions to compel." Nonetheless, Plaintiff went ahead and filed his Motions to Compel, attaching correspondence and arguments for his position on the disputed discovery. This is not the procedure contemplated by the local rules or this Chambers. On this basis alone, the Motions to Compel are overruled.

Specifically, with regard to the deposition of Desich, Plaintiff, in the spirit of good faith, should have attempted to complete the deposition while Desich was here in Ohio rather than simply cancelling it. Plaintiff misconstrues the provision in Fed. R. Civ. P. 30 (d)(2) concerning time limits for depositions. That Rule sets forth an outside limit of one day comprised of seven hours to complete a deposition. It does not mandate that the deponent be available to provide testimony for at least seven hours.

As to the Motion to Compel answers to interrogatories directed to Mid-Ohio and Equity Trust, the information sought is irrelevant. Information about other depositors with Mid-Ohio who invested with North Canton has no bearing upon whether Plaintiff was defrauded in his real estate loan transactions. The crucial point here is that Plaintiff Haralson authorized the deposit of his funds in a *self-directed* IRA. Because his investments were made with his authorization and with an agreement to indemnify Mid-Ohio, his situation is removed from the status of depositors generally.

Plaintiff seeks personnel information about any employees who handled, directly and indirectly, customer inquiries about IRA's from 1999 to 2003. Once again, there is no relevancy to his claims of fraud, misrepresentation, civil conspiracy, or breach of fiduciary duty unless advice or answers were given by those employees to Plaintiff himself – and he has identified the only individuals at Mid-Ohio who spoke with him during the time in question.

Finally, Plaintiff's request for a copy of the agreement by which Equity Trust acquired the IRA business of Mid-Ohio is not appropriate discovery, since the acquisition occurred in 2003 – well after he signed his self-directed IRA contract and instructed Mid-Ohio to invest

his funds with North Canton.

### III. CONCLUSION

The Motions of Plaintiff, Hosea Haralson, to Compel the Deposition of Richard Desich and to Compel responses from the Mid-Ohio Defendants to Interrogatories are overruled.  The Motion of Plaintiff to Continue Summary Judgment Proceedings Under Fed. Civ. R. 56 (f) is granted in part. Plaintiff shall file his opposition to the Mid-Ohio Defendants' Motion for Summary Judgment no later than July 31, 2006.

**IT IS SO ORDERED**.

DATE: _7/7/06_____

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)