UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOSEA J. HARALSON, | ) | CASE NO. 1:04CV637 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| MID-OHIO SECURITIES CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #114) of Defendants,

George Roberts and North Canton Funding, to Exclude Testimony or Reference to a Prior

Court Decision. For the reasons that follow, the motion *in limine* is granted.

### I. FACTUAL BACKGROUND

Plaintiff Haralson has filed his Complaint against these and other Defendants, alleging,

*inter alia*, fraud, misrepresentation and civil conspiracy, arising out of an investment scheme.

The moving Defendants allegedly locate "investor/lenders," such as Plaintiff herein. and

match them up with "borrowers" and real estate properties to be repaired. The borrowers are

obligated to make monthly payments to the lender until the completion of the rehab work and

sale of the property, at which time the loan would be paid off. The amount of the loan is

allegedly based upon the value after completion of the work: and the lender/investor's interest

is allegedly secured by a mortgage on the property. The investments are promoted as "low

risk" and "protected" by secured interests in "valuable" real estate. Plaintiff Haralson alleges

the appraisals of the properties were over-inflated; the borrowers were not "checked out": the "high risk" of the investment scheme was never explained – in fact. it was concealed; the "loans" were not repaid; the repairs were not made to the properties; and he did not, therefore, receive the promised return on his investments.  Plaintiff Haralson made three loans through North Canton Funding.  The first was made in 1999, and was fully and timely repaid.  The second and third loans in 2000, totaling Eighty-Five Thousand Dollars. ($85,000) went into default when the repairs were never completed.

In 1994, Defendant George Roberts was sued by Independent Drug Corporation in Summit County Common Pleas Court (Case No.3CV-94-09-3023). and was found liable for negligent misrepresentation and breach of fiduciary duty in a real estate loan transaction. Plaintiff Haralson contends that reference, evidence and testimony regarding the *Independent Drug* case is relevant and probative of Roberts' knowledge that the real estate investment scheme pertinent here involved serious risk and that the investors were not adequately protected.  Defendants, George Roberts and North Canton Funding, argue the evidence should be excluded under Fed. R. Evid. 404(b) and 608(b).  That is, the prior wrongful acts cannot be used to show Defendants acted in this case in conformity with them: and their credibility cannot be attacked by acts which do not amount to criminal convictions.  Plaintiff points to Fed. Evid. R. 404(b) also; but refers to the propriety of such evidence to show motive. opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident.

## II. LAW AND ANALYSIS

"Motions in Limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose."

-2-

*Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)

(citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F. 3d 436, 440 (7th Cir. 1997)). A

"motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial

court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly

at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'"

*State v. Grubb*, 28 Ohio St. 3d 199, 201-202 (1986) (citing *State v. White*, 6 Ohio App. 3d 1, 4

(1982)). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the

exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. United*

*States*, 469 U.S. 38, 41 (1984).

The *Independent Drug* case is separated by a sizeable stretch of time from the

allegations in the instant complaint.  The within case was filed in 2004 and refers to 1999 and

2000 investments; while *Independent Drug* dates back to 1994.  The Summit County case had

a corporate plaintiff (though apparently closely-held); while Plaintiff Haralson is a retired

individual who invested his pension in a self-directed IRA. The Summit County Court, in a

bench trial (where George Roberts represented himself for the most part) found a fiduciary

relationship existed because Roberts held himself out as a capable mortgage broker, and his

experience and knowledge were relied upon by the owner of the plaintiff corporation.  In the

1994 case, George Roberts failed to provide six of eight necessary documents for processing a

prudent loan; so, he failed to meet the requisite standard of care.  Here there was no failure of

documentation; although Haralson challenges the documents' validity.  There are allegations

of fraud asserted in this Complaint; but, in the earlier case, the Court found no evidence of

fraud on Roberts' part.  There was also a claim of unlawful sale of securities in *Independent*

*Drug*, which is absent here.

This Court finds the jury in the within matter could be confused and misled. Since there were a number of other defendants in the *Independent Drug* case, Defendant Roberts legitimately fears this jury might impute their liability for fraud to him. Roberts contends, moreover, that the *Independent Drug* case involved a more complex real estate transaction, and one distinguishable from the IRA investment here  – a distinction Roberts would necessarily be forced to attempt to explain to the jury.

## III. CONCLUSION

For the reasons outlined above, and in the exercise of sound discretion, this Court holds the probative value of the evidence is outweighed by the prejudice of any reference, submission, or testimony regarding the *Independent Drug* case. The motion *in limine* of Defendants, George Roberts and North Canton Funding, is therefore granted.

**IT IS SO ORDERED**.

**DATE:** 8/21/06

**CHRISTOPHER A. BOYKO**
**United States District Judge**

-4-